Kevin D. WEST, Appellant

v.

John E. POTTER, Postmaster General, Appellee.

No. 03–5058.

United States Court of Appeals, District of Columbia Circuit.

Nov. 1, 2005.

Teresa White Murray, Law Office of Teresa W. Murray, Washington, DC, for Appellant.

R. Craig Lawrence, Assistant U.S. Attorney, Roscoe Conklin Howard, Jr., U.S. Attorney, Gail A. Perry, Rhonda C. Fields, U.S. Attorney's Office, Washington, DC, for Appellee.

Before: RANDOLPH, ROGERS, and GARLAND, Circuit Judges.

### JUDGMENT

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. It is

**ORDERED AND ADJUDGED** that the district court's judgment entered January 30, 2003, be affirmed. As appellant has acknowledged in his initial brief, the district court correctly determined that the actions alleged in the original complaint did not constitute adverse employment actions. See Burlington Indus., Inc. v. Ellerth, 524 U.S. 742, 761, 118 S.Ct. 2257, 141 L.Ed.2d 633 (1998); Brown v. Brody, 199 F.3d 446 (D.C.Cir.1999). On appeal, appellant challenges only the district court's denial of the motion for leave to amend the complaint to add factual allegations and claims based on events that occurred after the complaint was filed. Even with the proposed amended complaint, summary judgment for the appellee was proper. The district court did not abuse its discretion in denying leave to amend the complaint to add claims concerning the denial of training and sick leave, which were the subject of Agency Case No. 4K–200–0145–01, because appellant's showing was insufficient to defeat the appellee's motion for summary judgment. With respect to the remaining claims, which are now the subject of a separate civil action, appellant had not demonstrated that he had exhausted administrative remedies at the time of the proposed amendment. Accordingly, the district court did not abuse its discretion in denying leave to amend because amendment would have been futile. See Fed.R.Civ.P. 15(a); Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. See Fed. R.App. P. 41(b); D.C.Cir. Rule 41.